**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-1281

FARM FAMILY CASUALTY INSURANCE COMPANY,

　　　　　Plaintiff - Appellee,

　　v.

EDWARD J. SEA, Personal Representative of Tyrone N. Sea and Administrator of his Estate; TYRONE N. SEA; EDWARD J. SEA, Personal Representative of Andromeda K. Kesner and Administrator of her Estate; ANDROMEDA K. KESNER; EDWARD J. SEA, individually and as guardian and next friend of J.K.; RACHEL KESNER, individually and as guardian and next friend of J.K.; J.K., a minor,

　　　　　Defendants - Appellants,

　　and

JOHN K. ELWOOD, a/k/a Jack Elwood; BETTY ELWOOD; JOHN KEVIN ELWOOD; STEPHEN LEE DIBLASI; DEBORAH GRACE ELLIOT-SMITH; RUTH EUGENIA WHITNER; LAURA ANN DINERT; NANCY SUE ELWOOD,

　　　　　Defendants.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Frank W. Volk, District Judge. (5:19-cv-00892)

Submitted: November 8, 2022　　　　　　　　　　Decided: January 25, 2023

Before THACKER and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Weldon Mark Burnette, MARK BURNETTE, P.A., Ocala, Florida, for Appellants.  David L. Wyant, Jason P. Pockl, BAILEY & WYANT, PLLC, Wheeling, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This insurance case arises out of a tragic house fire in which two children died and two other people were injured. The house was covered by two liability policies (the "Farm Policy" and the "Commercial Policy") and one umbrella policy, all issued by Farm Family Casualty Insurance Company ("FFCIC"). After claimants to the policies sued FFCIC in state court, the parties reached a settlement agreement in which FFCIC agreed to pay $1 million under the Farm Policy, plus another $1 million under the umbrella policy. However, the parties could not agree on whether the Commercial Policy was payable; consequently, the settlement agreement further provided that FFCIC would commence the instant declaratory judgment action against the claimants ("Defendants") to resolve this issue.

The district court granted summary judgment to FFCIC based on the Commercial Policy's anti-stacking endorsement, which capped FFCIC's total per-occurrence liability at $1 million. Defendants timely appealed, disputing the applicability and enforceability of the anti-stacking endorsement. For the reasons that follow, we affirm.

"We review de novo a district court's award of summary judgment, viewing the facts in the light most favorable to the non-moving party." *Chapman v. Oakland Living Ctr., Inc.*, 48 F.4th 222, 228 (4th Cir. 2022). "Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). As the parties agree, the substantive law of West Virginia applies here. *See Uncork & Create LLC v. Cincinnati Ins. Co.*, 27 F.4th 926, 931 & n.5 (4th Cir. 2022).

3

Initially, Defendants contend that the anti-stacking endorsement is irrelevant because, in their view, this case does not involve "stacking" as that term is understood in West Virginia. We disagree. The Supreme Court of Appeals of West Virginia has approvingly cited a definition of stacking that covers "an insured's attempted recovery of damages under more than one policy, endorsement or coverage." *Starr v. State Farm Fire & Cas. Co.*, 423 S.E.2d 922, 925 n.2 (W. Va. 1992) (internal quotation marks omitted). And recovery under multiple liability policies is exactly what Defendants are seeking here. For this reason, we conclude that the anti-stacking endorsement applies to this dispute.

Next, Defendants maintain that West Virginia law broadly proscribes anti-stacking language in insurance policies. On the contrary, the prohibition to which Defendants refer is confined to uninsured and underinsured motorist coverage, an area of West Virginia insurance law that, by statute, contains additional protections for policyholders based on the state's public policy. *See State Auto. Mut. Ins. Co. v. Youler*, 396 S.E.2d 737, 746 (W. Va. 1990). But "in the case of liability insurance coverage," "antistacking language . . . does not violate any applicable insurance statute or regulation." *Id.* (cleaned up). Thus, we reject Defendants' attempt to import this narrow anti-stacking limitation into the context of general liability policies.

Turning to the policy language, Defendants assert that the anti-stacking endorsement is ambiguous when read together with the policies' other-insurance provisions. Specifically, Defendants maintain that the endorsement and the other-

4

insurance provisions establish separate and conflicting payment schemes for situations in which multiple policies cover the same loss.

Again, we disagree. When coverage is available from multiple FFCIC policies, the anti-stacking endorsement caps FFCIC's total per-occurrence liability without specifying how much will come from each policy. By contrast, the other-insurance provisions detail how much each applicable policy will pay without purporting to limit FFCIC's total liability. In other words, these provisions are complementary, not conflicting, and we therefore discern no ambiguity in the anti-stacking endorsement.

Finally, Defendants contend that the anti-stacking endorsement violates West Virginia public policy against fraudulent insurance contracts, reasoning that the endorsement effectively renders the Commercial Policy worthless. This argument might hold water if the two liability policies were merely redundant of one another. But that is not the case: the Commercial Policy provides coverage for several additional properties not covered by the Farm Policy. Moreover, the two policies offer different types of coverage. And, by having both policies, Defendants enjoy greater protection against multiple, unrelated losses occurring during the same policy period. Thus, we cannot conclude that the Commercial Policy is so lacking in value that it violates public policy.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5